# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

DEVERICK SCOTT,                                                                               PLAINTIFF
ADC #131042

v.                                          4:20CV00315-SWW-JTK

DEXTER PAYNE, et al.                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.     Introduction

Plaintiff Deverick Scott, a state inmate incarcerated at the Varner Super Max Unit of the Arkansas Division of Correction (ADC), filed this pro se 42 U.S.C. § 1983 action alleging numerous improper conditions of confinement and naming twenty-one individuals as Defendants. (Doc. No. 2) By Order dated March 26, 2020, this Court granted Plaintiff's Motion to Proceed in forma pauperis and directed him to submit an Amended Complaint within thirty days, noting that his Complaint did not comply with FED.R.CIV.P. 8(a)(2). (Doc. No. 4) Plaintiff submitted an Amended Complaint which again failed to comply with the Court's directives (Doc. No. 5), and on April 3, 2020, the Court provided Plaintiff with one final opportunity in which to submit a second Amended Complaint in accordance with the Court's directives. (Doc. No. 6)

Plaintiff has now submitted a second Amended Complaint. (Doc. No. 7) Having reviewed this document, the Court finds it should be dismissed for failure to state claim upon which relief

may be granted.

## II.     Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).   An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.   A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

**III.   Facts and Analysis**

To support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). As noted above, Plaintiff's Original Complaint set forth several unrelated claims against twenty-one named Defendants, and other Doe Defendants. In the March 26, 2020 Order, the Court noted that the Complaint was similar to a previous complaint, which ultimately was limited by the Court to an inadequate medical care claim. Scott v. Payne, 4:20cv00077-KGB-BD. The Court then directed Plaintiff to limit his claims to those that arise from the same incident, occurrence or condition, and provided him specific directions on what to include in an Amended Complaint (Doc. No. 4, pp. 3-4). Plaintiff's Amended Complaint, however, included numerous allegations against seventeen of the original Defendants, and again failed to comply with Rule 8. (Doc. No. 5) As the Court noted in the April 3, 2020 Order, Plaintiff was not specific in the Amended Complaint about the conduct of the Defendants involved in most of the incidents, and Plaintiff's allegations were vague and difficult to decipher. (Doc. No. 6) The Court again provided Plaintiff the opportunity to amend his complaint as to specific facts concerning one claim, and also provided

him instructions on what to include in the second Amended Complaint.(Id.)[1]

In his second Amended (third) Complaint, Plaintiff appears to limit his claims to conditions of confinement in solitary confinement from August 2019 through October 2019. However, he again lists twenty individuals as Defendants and does not specify their conduct and/or involvement with respect to his claims. Plaintiff is not a novice to litigating claims; in fact, according to the Case Management/Electronic Case Files (CMECF) system of the United States District Court, Eastern District of Arkansas, Plaintiff has filed thirty-two cases since 2007, and currently eight of those cases remain pending. Plaintiff consistently attempts to file the same allegations in numerous cases, and consistently disregards the Court's explicit instructions on the type of information which should be included in a complaint. Because he consistently failed to comply with the Court's directives in this case and did not specify the actions and involvement of the numerous named Defendants, the Court finds that his Complaint does not contain sufficient factual matter to "state a claim to relief that is plausible on its fact." Ashcroft, 556 U.S. at 678.   Therefore, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's second Amended Complaint against Defendants be DISMISSED

---

[1] "In the second Amended Complaint, Plaintiff shall specifically and clearly state the following with respect to his   claim: **(1) the name of each individual personally involved in the action/incident at issue in the complaint; (2) how each individual was personally involved in the action/incident; (3) how each individual violated the Plaintiff's constitutional rights; and 4) how he was harmed.   Plaintiff must include specific facts concerning the allegations he has set forth including, where applicable, dates, times and places.** If Plaintiff does not comply with this directive, his Complaint may be dismissed for failure to state a claim pursuant to Ashcroft v. Iqbal and Bell Atlantic Corp. v. Twombly." (Doc. No. 6, pp. 2-3)

without prejudice, for failure to state a claim upon which relief may be granted.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 27th day of April, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.